20108.   BLUM *v.* BURKE *et al.*

DECIDED SEPTEMBER 6, 1930.

*Hall, Grice & Bloch, Ellsworth Hall Jr.,* for plaintiff in error.
*Brock, Sparks & Russell,* contra.

BELL, J.   In the present suit by a landlord to recover rent of a
tenant who vacated the premises and claimed that he was evicted
by reason of the creation of a nuisance by another tenant in an
adjacent apartment, the evidence was conclusive that the landlord
had no information or notice as to the character or conduct of the
other tenant until after the defendant had abandoned the premises;
and the defendant did not contend upon the trial that his abandon-
ment was conditional or temporary, but the facts and circumstances
as disclosed by the evidence authorized the inference that such
abandonment was in fact final and irrevocable, and was so declared
to the landlord at the time.   It thus appeared that any action
which the landlord might have taken thereafter to eject the other
tenant would have been futile as restoring the relations between
the plaintiff and the defendant under the lease contract; and that
if the defendant had the right to rescind the rental agreement and
claim an eviction upon the ground asserted, his action in so doing
was premature, in that the landlord neither had nor was given any
previous notice of the unsatisfactory conditions, so that he might
have taken steps to correct the same, assuming that he owed a legal
duty to the defendant to do so.   In these circumstances, the trial
judge was not bound to find that the defendant had been construc-
tively evicted from the premises; and it follows that the court did
not err in rendering judgment in favor of the plaintiff and against
the defendant for the amount of the rent sued for.

Moreover, upon the question of notice, the evidence further au-
thorized the inference that at the time the defendant abandoned the
premises he notified the plaintiff landlord only that the other
tenant was a person of bad character and had in the past been

ejected from other buildings; and notice of this fact alone was insufficient to charge the landlord, as a matter of law, with knowledge of the existence of the nuisance alleged to have been created, although the other testimony might have established without dispute that such nuisance did in fact exist. The case is here upon the general grounds only; and it follows from what has been said, that, whether or not the creation of a nuisance by the other tenant might have authorized an abandonment of the rented premises by the defendant under other circumstances, this court can not hold in the instant case that the finding and judgment of the trial court was contrary to or unsupported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*